IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WALSH, III, | : | Civil No. 3:15-CV-1103 |
| Plaintiff, | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| LAURE WALSH, et al., | : | |
| Defendants | : | |

REPORT AND RECOMMENDATION

**I.     Statement of Facts and of the Case**

This is a *pro se* civil action brought by John Walsh, against his estranged spouse, Laure Walsh, and others, which seeks relief in the form of a "writ of stay concerning martial [sic] assets." (Doc. 1.) While the precise tenor of Walsh's pleading is not entirely clear, it is evident that Walsh and his former spouse are embroiled in a pending state divorce proceeding in the Court of Common Pleas of Lackawanna County. (Id.) The writ sought by Walsh would apparently enjoin the distribution of marital assets as part of the state court proceedings relating to the dissolution of this marriage. (Id.)

1

Along with this complaint the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) .We will grant this motion for leave to proceed *in forma pauperis*, (Doc. 2.), but having carefully reviewed this complaint, we conclude that the pleading fails to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II. Discussion

### A. Legal Standards Governing Sufficiency of Civil Complaints

This court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which

provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not

3

alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the . . . well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged . . . are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the p[arty's] entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal benchmarks, for the reasons set forth below, Walsh's complaint is fatally flawed in the following respects and should be dismissed.

**B.     The Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted**

Applying these legal benchmarks, we find that in this case the plaintiffs' *pro se* complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Indeed, the initial review of the plaintiffs' complaint has identified the following fatal deficiencies in this pleading.

**(1)     The Complaint Invites the Court to Violate the Domestic Relations Doctrine**

First, the plaintiff's complaint fails because it invites this court to engage in adjudication of a domestic relations cases. While the jurisdictional basis for Walsh's complaint is unclear, to the extent that he may be endeavoring to invoke the diversity jurisdiction of this court, it is clear, as a matter of federal practice, that the "domestic relations" doctrine generally forbids federal courts from indulging in the adjudication of state child custody cases. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); Solomon v. Solomon, 516 F.2d 1018 (3d Cir. 1975). Indeed, "the United States Supreme Court has long recognized a domestic relations exception to federal diversity jurisdiction for cases ' "involving the issuance of a divorce, alimony, or child custody decree." ' Matusow v. Trans–County Title Agency, LLC, 545 F.3d 241, 245 (3d Cir.2008) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 704, 112

S.Ct. 2206, 119 L.Ed.2d 468 (1992))." Wattie-Bey v. Attorney General's Office, 424 F. App'x 95, 96 n. 1 (3d Cir. 2011).

In our view, the policies underlying the domestic relations doctrine fully apply here and caution against federal intervention in this case. Fairly construed, the plaintiff's complaint demands that we federally adjudicate what is a pending state domestic relations matter, something that has long been recognized to fail outside the province of the federal courts. Therefore, this court should decline the plaintiff's invitation and dismiss this action.

### (2) While a State Divorce Case is Pending This Court Should Abstain From Intervening in This Matter

Moreover, this complaint, which invites this court to intervene in a pending state divorce case, runs afoul of another settled tenet of federal law, the Younger abstention doctrine. This doctrine is inspired by basic considerations of comity that are fundamental to our federal system of government. As defined by the courts: "Younger abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. See Younger v. Harris, 401 U.S. 37, 41 (1971)." Kendall v. Russell, 572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by these same principles in its application. As the United States Court of Appeals for the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005) (citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). As noted earlier, the Younger doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir.2008).

Kendall v. Russell, 572 F.3d at 131.

Once these three legal requirements for Younger abstention are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). Moreover, applying these standards, federal courts frequently abstain from hearing matters which necessarily interfere with on-going state cases. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

In this case, the plaintiffs' complaint reveals that all of the legal prerequisites for Younger abstention are present in this case. First, it is evident that there are on-going state domestic relations proceedings pending in this case. Second, it is also apparent that those proceedings afford the plaintiffs a full and fair opportunity to litigate these constitutional issues in the first instance in their pending state case. See Lazaridis v. Wehmer, 591 F.3d 666, 670. (2010) (explaining that Younger requires only an opportunity to present federal claims in state court, and the burden rests with plaintiff to show that state procedural law bars presentation of the claims). Finally, it is also evident that the state proceedings implicate important state interests, since this matter involves enforcement of state laws relating to domestic relations. Such domestic relations cases are matters of paramount concern to the state. Wattie-Bey v. Attorney General's Office, 424 F. App'x 95, 97 (3d Cir. 2011) citing Lazaridis v. Wehmer, 591 F.3d 666, 670. (2010); Moore v. Sims, 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("[F]amily relations are a traditional area of state concern."); Winston v. Children & Youth Services, 948 F.2d 1380, 1399 (3d Cir.1991) (Garth, J. dissenting) (observing that "Pennsylvania ... clearly has a strong interest in administering its child welfare procedures and in adjudicating controversies that arise from that administration") See Rose v. York Cnty., No. 1:13-

CV-2056, 2013 WL 5707366, at *1 (M.D. Pa. Oct. 18, 2013) aff'd, 572 F. App'x 94 (3d Cir. 2014).

Since the legal requirements for Younger abstention are fully met here, the decision to abstain rests in the sound discretion of this court. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). Given the important state interests that exist in law enforcement in this field, and recognizing that the state courts are prepared to fully address the merits of this matter in the near future, we believe that the proper exercise of this discretion weighs in favor of abstention and dismissal of this federal case at the present time. Wattie-Bey v. Attorney General's Office, 424 F. App'x 95, 97 (3d Cir. 2011); Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002); Rose v. York Cnty., No. 1:13-CV-2056, 2013 WL 5707366, at *1 (M.D. Pa. Oct. 18, 2013) aff'd, 572 F. App'x 94 (3d Cir. 2014). Therefore, it is recommended, consistent with the Younger doctrine, that this Court abstain from intervening in this pending state divorce case.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result

in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the current complaint fails to state a viable civil rights cause of action for reasons that are fundamental and cannot, in our view, be corrected through more artful pleading. Since the plaintiffs cannot readily correct the deficiencies identified in the complaint, and the factual and legal grounds proffered in support of the complaint make it clear that the plaintiffs have no right to relief in federal court at this time, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, it is recommended that the complaint be dismissed without further leave to amend.

While federal law compels this ruling we recognize the concerns that motivate plaintiff in bringing this action. We are simply unable to grant them the relief they seek. A federal district court cannot act as a state appellate court in domestic relations matters. Rather, the plaintiffs should understand that they must turn to the state trial and appellate courts to address these concerns in the first instance. Those courts stand ready to hear, and decide, these issues.

### III. Recommendation

Accordingly, for the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2.) is GRANTED but IT IS RECOMMENDED that

the complaint be dismissed for the failure to state a claim upon which relief can be granted.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of June 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
